■ ROBIN BRADLEY, Respondent, v PABLO RODRIGUEZ et al., Appellants, et al., Defendant. [876 NYS2d 888]—In an action to recover damages for personal injuries, the defendants Pablo Rodriguez and Dreamon Limo, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated May 16, 2008, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The appellants made a prima facie showing of their entitlement to judgment as a matter of law through the submission of the plaintiff's deposition testimony and the affirmation of their examining physician. However, in opposition, the plaintiff raised triable issues of fact. Accordingly, the appellants' motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Spolzino, J.P., Santucci, Angiolillo and Leventhal, JJ., concur.

■ BRENDA L. BUSH, Appellant, v JAMES W. ROBBINS, IV, et al., Respondents. [877 NYS2d 688]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 6, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the submission of an affirmed medical report of one of the defendants' orthopedists, Joseph P. Laico, was sufficient for the defendants to meet their prima facie burden of showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmation of the plaintiff's treating physician, Michael I. Weintraub, was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.